UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRANELL STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21 CV 1282 JMB |
| ) | |
| OFFICER ALEXANDER WALDROUP, ) | |
| OFFICER RYAN DEVOUTON, OFFICER ) | |
| KEVIN DEVINE, OFFICER SHANE ) | |
| MONNIG, OFFICER CLIFF HOUSE, and ) | |
| CITY OF MARYLAND HEIGHTS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On January 30, 2023, Plaintiff's Motion to Disqualify Counsel (Doc. 29) was granted and attorney Bridgette Nicole Fu and her firm, Brinker and Doyen, LLP, were disqualified from representing Defendants in this matter (Doc. 39). Now pending before the Court is Defendants' Motion to Reconsider (Doc. 40) that Order. Plaintiff has filed a response in opposition (Doc. 41). For the reasons set forth below, the Motion is **DENIED**.

## Background

As set forth in this Court's previous Order, in September, 2016, Ms. Fu represented Plaintiff Tranell Stewart in a criminal matter before the Circuit Court of St. Louis County. As part of her representation, she pursued discovery and was directly involved in recalling, or attempting to recall, an August 2016 failure to appear warrant on behalf of Stewart. Shortly thereafter, on November 4, 2016, Ms. Fu ended her representation of Stewart. While that criminal case was proceeding, but before Ms. Fu's representation ended, Stewart was stopped by City of Maryland Heights police officer Devoutan (on October 26, 2016). That traffic stop, and the events

surrounding that traffic stop, form the basis of Stewart's civil rights complaint before this Court (Doc. 1).  After this lawsuit was filed, Ms. Fu, now a partner at Brinker and Doyen, LLP, entered an appearance on behalf of all Defendants on December 16, 2021 (Doc. 3).  During her representation, she deposed Stewart on November 17, 2022 and asked questions related to the criminal matter (in which she represented him) including whether Stewart recalled the traffic stop, whether he remembered missing a court date in August, 2016, whether he remembered pleading guilty, whether he was aware of the warrant, and whether he remembered being placed on probation.  She did not inform Stewart or his attorneys of her prior representation of him, even though she was aware of it prior to the deposition.

Based on the foregoing, the undersigned found that Ms. Fu's representation of Defendants violates Missouri Rule 4-1.9(a) because Defendants' interests are materially adverse to a former client (Stewart), Ms. Fu did not seek a waiver of the conflict, and the conflict is imputed to her firm.  In doing so, this Court found that the two matters are substantially related and significantly overlap.  Defendants seek reconsideration of that ruling or, alternatively, a rehearing.

## Discussion

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999).  As such, any motion to reconsider directed at a nonfinal order is properly construed as a Rule 60(b) motion for relief from an order.  Relief under Rule 60(b) is available only in "extraordinary circumstances." Buck v. Davis, 580 U.S. 100, 123 (2017); Williams v. York, 891 F.3d 701, 706 (8th Cir. 2018) ("Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." (quotation marks can citation omitted)).

Defendants argue that new evidence has (or may) come to light that the warrant referenced in this Court's previous Order may not be the warrant that may have formed the basis of Defendant Devoutan's interaction with Stewart.  Defendants go on to argue that Ms. Fu was not involved with that unrelated warrant nor was she associated with that criminal matter.  As such, Defendants appear to argue that the criminal matter in which Ms. Fu represented Plaintiff is unrelated to the present civil rights action.  Defendants further argue that additional time is needed to gather additional court records regarding Stewart's previous criminal cases to determine which exact warrant/criminal case is at issue in this case.  Defendant's arguments miss the mark.

Defendants have not presented any extraordinary circumstances what would justify reconsideration of this Court's previous Order.  And, there is no showing that Defendants could not have presented these arguments and facts prior to the Court's ruling.  In any event, whether or not one warrant or another is related to Devoutan's actions in this case, Ms. Fu represented Stewart in a substantially related matter, her current client's interests are materially adverse to Stewart, and she did not seek nor get informed consent from Stewart.  Ms. Fu made the matters substantially related when she extensively questioned Stewart in this case about his previous criminal case (during which she was his attorney), even if another warrant in another case is relevant.  And, from her representation of Stewart, she was privy to confidential material that would reveal Stewart's pattern of conduct, offer insight into his goals for resolution and negotiations, and, give insight as to his credibility, a central factor in this case.  As set forth in Zerger & Mauer LLP v. City of Greenwood, 751 F.3d 928, 932 (8th Cir. 2014):

> Rule 4–1.9(a)'s primary concern is the possibility, or appearance of the possibility, that the attorney may have received confidential information during the prior representation.  The Rule is prophylactic, aimed at preventing even the potential that a former client's confidences and secrets may be used against him.  Thus, when representations are substantially related, we will presume that confidences were disclosed for conflict-of-interest purposes.

(citation, quotation, and editing marks omitted); See State ex rel. Thompson v. Dueker, 346 S.W.3d 390, 397 n.4 (Mo. Ct. App. 2011) (suggesting that there is a presumption in Rule 4-1.9 cases that confidences were disclosed during a prior attorney-client relationship).  Indeed, to the extent that Defendants argue that another warrant, which was active during the time Ms. Fu was Stewart's attorney, is related to this matter, Ms. Fu may be a witness to such events.

## Conclusion

For the foregoing reasons, Defendants' Motion to Reconsider (Doc. 40) is **DENIED.**  In light of this ruling, the status conference is **RESET** to **March 8, 2023 at 1:00 p.m.** in Courtroom 15S.  Counsel for all parties must be present.  As set forth previously, counsel for all parties must confer, prepare a revised joint scheduling plan, and submit that plan to the Court no later than **March 6, 2023**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of February, 2023